# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT BANZHOF, | : |
| Plaintiff | : CIVIL ACTION NO. 3:17-1797 |
| v. | : (JUDGE MANNION) |
| JEFFERSON B. SESSIONS, III, Attorney General of the United States, et al., | : |
| Defendants | : |

## MEMORANDUM

On October 4, 2017, the plaintiff, a citizen of Pennsylvania residing in Pequea, Lancaster County, Pennsylvania, filed the instant action against Jefferson B. Sessions, III, Attorney General of the United States; Thomas E. Brandon, Acting Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives; and Charles A. Hamilton, Acting Sheriff of Lancaster County. (Doc. 1). In his filing, the plaintiff alleges that he "intends to purchase and possess a firearm for self-defense within his own home and for other lawful purposes, but is prevented from doing so only by Defendants' enforcement of [18 U.S.C. §922(g)(1)]".

Specifically, the plaintiff alleges that "[he] is over the age of 21, is not under indictment, has never been convicted of a felony or misdemeanor crime of domestic violence, is not a fugitive from justice, is not an unlawful user of or

addicted to any controlled substance, has not been adjudicated a mental defective or been committed to a mental institution, has not been discharged from the Armed Forces under dishonorable conditions, has never renounced his citizenship, nor has he ever been the subject of a restraining order relating to an intimate partner[1]."

On September 28, 1973, the plaintiff alleges that he was convicted in the Lancaster County Court of Common Pleas of one count of 18 Pa.C.S. §3921(a), Theft by Unlawful Taking or Disposition, a misdemeanor of the first degree, which is punishable by a maximum term of imprisonment for five years. See 18 Pa.C.S. §1104(1). The plaintiff alleges that he entered a plea of guilty and was sentenced to one year of probation. Since that 1973 conviction, the plaintiff alleges that he has not been arrested or convicted for any other offense. The plaintiff alleges, however, that he is prohibited from possessing a firearm under 18 U.S.C. §922(g)(1) and 18 U.S.C. §921(20)(B) because his

---

[1] The court notes that the exhibit attached to the plaintiff's complaint is a Weapons or Evidence Receipt from a Protection from Abuse, ("PFA"), case, wherein a number of weapons are listed as having been confiscated from the plaintiff. A search of the Lancaster County Court website revealed that PFA proceedings were brought against the plaintiff and that the plaintiff appeared at hearings on October 21, 2015, November 24, 2015, and August 9, 2016 in relation to those proceedings. See Harting v. Banzhof, CI-15-8983. The outcome of those proceedings is unknown.

misdemeanor conviction was punishable by imprisonment for a term exceeding two years. As a result of his misdemeanor conviction, the plaintiff alleges that he has had several firearms confiscated by defendant Hamilton. Absent the defendants' enforcement of §922(g)(1), the plaintiff alleges that he would not be prohibited under United States law from possessing a firearm and alleges that he is not prohibited from possessing a firearm under Pennsylvania State law.

In his complaint, the plaintiff alleges that he desires and intends to possess firearms for self-defense, but that he has refrained from doing so because he fears arrest, prosecution, incarceration, and fine under §922(g)(1). The plaintiff alleges that §922(g)(1) unconstitutionally deprives him of his Second Amendment right to bear arms. He is therefore seeking declaratory and injunctive relief which would allow him to possess a firearm and which would order the return of any firearms seized from him by defendant Hamilton or, in the alternative, transferring those firearms to his sister, Jeanne Grove.

Upon review, the plaintiff alleges that "[v]enue is proper in this court . . . as a substantial part of the events and omissions giving rise to the claim occurred in this judicial district, and the Plaintiff resides in this judicial district." The events which give rise to this claim, however, occurred in Lancaster County. Moreover, the plaintiff resides in Lancaster County. Lancaster County

is located in the Eastern District of Pennsylvania, not the Middle District of Pennsylvania.

"A District Court is granted discretion to sua sponte transfer cases by 28 U.S.C. §1404(a), which provides in relevant part that '[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.'" Wright v. Pa. DOC, 2015 WL 401685, *2 (W.D.Pa. Jan. 28, 2015) (citations omitted). Section 1406(a) provides "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." "Section 1406, . . . , applies where the original venue is improper and provides for either transfer or dismissal of the case." Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995). Since original venue in the instant case is improper in this court, the court will transfer this case to the proper venue under § 1406(a).

According to the Third Circuit, §1406(a)'s "transfer provision is designed to preserve claims that rigid application of dismissal rules may bar." Lafferty v. St. Riel, 495 F.3d 72, 79 (3d Cir. 2007) (citing Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465–66, (1962) (Supreme Court stressed that federal district courts may transfer, as opposed to dismissing, cases that plaintiffs originally

commenced in an improper forum)). Moreover, "§1406(a) transfers do not require that prejudice should result from filing an action in an improper forum if the initial filing was made in good faith." <u>Id.</u> Additionally, "the filing itself of a lawsuit, even in an improper forum, shows the proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure and toll[s] whatever statutes of limitation would otherwise apply." <u>Id.</u> (citing <u>Goldlawr</u>, 369 U.S. at 466–67).

Here, the court finds that the interest of justice would best be served by transferring the instant action to the Eastern District of Pennsylvania where venue is proper. An appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: October 10, 2017**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-1797-01.docx